UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 1:14-cv-00707-SEB-DKL |
| | ) |
| BART'S CAR STORE, INC., | ) |
| COMMUNITYWIDE FEDERAL CREDIT | ) |
| UNION, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| COMMUNITYWIDE FEDERAL CREDIT | ) |
| UNION, | ) |
| | ) |
| Cross Claimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| BART'S CAR STORE, INC., | ) |
| | ) |
| Cross Defendant. | ) |

**ORDER ON DEFENDANT BART'S CAR STORE, INC.'S SECOND MOTION
TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND
MOTION TO STRIKE**

This matter comes before us on Defendant Bart's Car Store, Inc.'s ("Bart's") Second Motion to Compel Arbitration and Stay Proceedings [Dkt. No. 70] and Bart's Motion to Strike [Dkt. No. 81]. We previously denied, without prejudice, Bart's first Motion to Compel Arbitration and Stay Proceedings. [Dkt. No. 33.] For the following reasons, we DENY Bart's Second Motion and we DENY Bart's Motion to Strike.

**Factual and Procedural Background**[1]

We detailed the factual and procedural background of the parties' dispute in our order denying, without prejudice, Bart's first Motion to Compel Arbitration and Stay Proceedings. [Dkt. No. 63.] We will not repeat all of those facts here; however, we include the following summary to provide context to this Order.

Plaintiff Mark Richardson purchased a yellow 2006 Dodge Charger from Bart's on August 1, 2012 (the "Vehicle"). Mr. Richardson and Bart's entered into a contract, a copy of which is attached as Exhibit A to Defendant's first Motion to Compel Arbitration. [Dkt. No. 33-1.] The arbitration provision provides in relevant part:

> Buyer and Seller agree that in the event either party defaults in the performance of the obligations of such party under the purchase agreement, or in the event there is a dispute between buyer and seller with respect to their obligations arising out of the purchase and sale of the automobile(s) – automobile meaning any type of land motor vehicle, that does not exceed the sum of $45,000, the dispute shall be submitted to the Better Business Bureau ("BBB") for binding arbitration.

[*Id.* at p. 2.]

After purchasing the Dodge Charger, Mr. Richardson learned that, prior to his purchase, the Vehicle had been stolen, the Vehicle Identification Number ("VIN") changed, and the odometer did not represent the Vehicle's actual mileage. After contacting the Indiana State Police, the Vehicle was impounded. Mr. Richardson no longer possesses

---

[1] Bart's argues that Mr. Richardson's response to its Motion was untimely because "[t]he Court did not grant [Mr. Richardson's] motion for extension before its due date." [Dkt. No. 81 at 1.] We deny Bart's request to strike Mr. Richardson's response. On April 8, 2015, Magistrate Judge LaRue granted Mr. Richardson's request for extension of time and allowed Mr. Richardson fourteen days from April 8, 2015 to file his response. [Dkt. No. 83.] Mr. Richardson's response was timely filed on March 26, 2015, well before the deadline set by Judge LaRue. [Dkt. No. 80.]

the Vehicle. Based on those facts, Mr. Richardson asserted several claims against Bart's related to the sale of the Vehicle (e.g., Motor Vehicle Information and Cost Savings Act, Fraud, Breach of Express and Implied Warranty).

In our August 29, 2014 Order, we found that Plaintiff's claims fall within the scope of the parties' agreement to arbitrate; however, the available evidence was insufficient to determine the amount in controversy. [Dkt. No. 63 at 9.] Thereafter, Bart's conducted limited discovery on Mr. Richardson's alleged damages. It is Bart's contention that Mr. Richardson's claims would not permit an award of damages in excess of $45,000, and as a result, Bart's moved to compel arbitration. The issue we address here is the arbitrability of Mr. Richardson's claims in light of the amount in controversy.

**Analysis**

If Mr. Richardson succeeds on only one of his theories of recovery the amount in controversy could exceed the $45,000 threshold, which would remove this case from arbitration. We are not determining at this juncture whether Mr. Richardson will be successful on his claims or even whether he will be able to recover the amount of damages he has alleged. Rather, we simply must decide whether as a legal certainty Mr. Richardson cannot recover more than $45,000 on any of his claims.

Mr. Richardson's theory in support of his claim of damages in excess of the $45,000 amount-in-controversy seems to shift with each ensuing round of briefing; however, given the alleged damages that both Mr. Richardson and Bart's agree are available on a successful claim (actual damages + punitive damages + attorneys' fees), it is clear that the amount in controversy exceeds $45,000. As described below, the parties agree that at, a minimum,

Mr. Richardson's actual alleged damages are $11,901.83. The parties further agree that Mr. Richardson could recover trebled damages under the statute, which would amount to $35,705.49. The parties also agree that Mr. Richardson's claims allow pre-filing attorneys' fees to be included in an amount-in-controversy calculation – $17,210. The tally of these specifically-alleged damages is $52,915.49 which amount exceeds the $45,000 threshold for arbitration. Given the straightforward arithmetic involved in this analysis, we are more than a bit perplexed that Bart's continues to pursue this motion in light of its own concessions. In any event, we DENY Bart's Second Motion to Compel Arbitration.

**A.     Bart's Motion to Strike Mr. Richardson's Affidavit.**

Mr. Richardson filed an affidavit in support of his objection to Bart's Second Motion to Compel Arbitration. [Dkt. No. 80-2.] Bart's moved to strike Mr. Richardson's Affidavit arguing that it is "self-serving and lacks any basis for factual support." [Dkt. No. 81 at 2.] Mr. Richardson did not respond to Bart's Motion to Strike. As a preliminary matter, motions to strike are disfavored. *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). It is in this context that we consider Bart's request.

Bart's cites to *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004) for the proposition that "self-serving statements in affidavits without factual support in the record carry no weight on summary judgment." *Id.* The court in *Butts* found that no additional documentary evidence was required in support of two "self-serving" affidavits. *Id.* The two Seventh Circuit cases cited in *Butts* held that the "court may consider self-serving statements in affidavits if they are based on personal knowledge and set forth specific facts." *Id.* (citing *Buire v. Quad/Graphics, Inc.*, 366 F.3d 496, 504 (7th Cir. 2004);

4

*Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003)). *Butts* does not *support* a motion to strike, rather, it provides the opposite—a basis for the court to rely on Mr. Richardson's Affidavit and *deny* Bart's Motion to Strike.

Bart's also argues that Mr. Richardson's Affidavit lacks the necessary foundation to establish that the statements contained therein are based upon his personal knowledge.[2] Bart's argues that "the information of exact expenses allegedly paid by Plaintiff comes from other documents (receipts, invoices, bills and the like)." [Dkt. No. 81 at 3.] It is Bart's contention that Mr. Richardson seeks to "get around" laying a proper foundation for documents by testifying to the exact amounts of these costs although he "has not attested that this information is from his own personal knowledge." [*Id.*]

We are not persuaded by Bart's arguments. This court and other courts have held that personal knowledge can be inferred from the content of the affidavit or flow from the context of the affidavit. In denying a motion to strike in *Wine & Canvas Dev., LLC v. Roberts*, No. 1:12-cv-1752-JMS-TAB, 2013 WL 1099895, at *2 (S.D. Ind. Mar. 15, 2013), the court held that "Rule 56 does not require affiants to affirmatively state that they are competent to testify. . . . [P]ersonal knowledge as related to competence may be inferred from the contents of an affidavit as a whole rather than from an explicit assertion that the affiant has personal knowledge for each statement in an affidavit." *Id.* (citing *Credentials*

---

[2] We note that the last sentence of Mr. Richardson's Affidavit states "I, Mark A. Richardson, under penalty of perjury, do hereby affirm that the foregoing representations are true and correct to the best of my knowledge and belief." [Dkt. No. 80-2 at 3.] However, Mr. Richardson does not expressly state that each of the statements in his Affidavit is based on personal knowledge.

5

*Plus, LLC v. Calderone*, 230 F.Supp.2d 890, 904-05 (N.D. Ind. 2002) (citing *Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999, 1018 (9th Cir. 1990) (holding that Rule 56's requirements of personal knowledge and competence to testify may be inferred from the affidavits themselves)).  Mr. Richardson has averred as the owner of the Vehicle that he paid for certain vehicle repairs and maintenance.  [*See* Dkt. No. 80-2 at ¶¶ 7-8.]  We can easily infer personal knowledge based on Mr. Richardson's statements and the nature of the transactions at issue.  His knowledge logically flows from his personal experiences.  We reject Bart's arguments and deny Bart's motion to strike Mr. Richardson's Affidavit.

**B.      Actual Damages.**

The most significant part of the parties' amount-in-controversy dispute is whether Mr. Richardson's actual damages should be calculated based on the money he was required to spend to purchase and maintain the Vehicle (down payment, loan payments, etc.) or based on the purchase price less the value of the Vehicle at the time Mr. Richardson purchased it.  At first glance, this distinction appears significant because Mr. Richardson's maximum out-of-pocket damages, even when trebled, are below the $45,000 arbitration threshold; whereas the purchase price of the car, when trebled, is above the $45,000 arbitration threshold.  Ultimately, however, this is a distinction without a difference because Mr. Richardson's claims include the right to seek recovery of his attorneys' fees.  When Mr. Richardson's pre-suit attorneys' fees are added to the minimum actual damages, which could be trebled, the amount in controversy clearly exceeds the threshold for arbitrability.

6

### 1.     **Out-of-Pocket Expenses.**

Bart's argues that Mr. Richardson's actual damages are calculated as $11,091.83, which represents Mr. Richardson's outlay of money for the purchase of the Vehicle. Said differently, Mr. Richardson's "loss actually suffered" is $11,901.83, based on the following:

- $1,500 trade-in value of Plaintiff's previous vehicle;
- $5,000 cash down payment;
- $4,151.35 in principal payments;
- $1,250.48 in interest payments.

[Dkt. No. 70 at ¶ 8.]

Although Mr. Richardson argues that his fraud claim is to be valued on the basis of his actual damages of $17,500 (based on the purchase price of the Vehicle as warranted less the actual value of $0), he also contends that his out-of-pocket expenditures recoverable under the Indiana Crime Victims Relief Act amount to $14,711.47. Mr. Richardson supplements these damages with the amount of additional expenses he incurred related to the Vehicle, including new tires, brake repair, a new battery, registration, electrical repair, insurance, and oil changes which total $2,809.64. Together with the actual damages computed and conceded by Bart's, Mr. Richardson asserts that his total out-of-pocket damages are $14,711.47.

Bart's does not object to or challenge the veracity of Mr. Richardson's additional $2,809.64 in damages or that their inclusion in an amount-in-controversy calculation is improper. Bart's motion to strike Mr. Richardson's affidavit, however, has been denied

7

above. Although sufficient evidence exists to find that Mr. Richardson's alleged out-of-pocket expenses total $14,711.47, damages totaling only the amount of $11,901.83 as conceded by Bart's result in an amount in controversy exceeding the $45,000 threshold below which the parties' agreed to arbitrate their claims.

> **2. Damages Based on the Purchase Price of the Vehicle – Uniform Commercial Code and the Motor Vehicle Information and Cost Savings Act.**

Mr. Richardson contends that his damages consist of the entire purchase price of the Vehicle based on his claim for fraud under the Uniform Commercial Code (Indiana Code 26-1-2-721) ("UCC") and his claim for violation of the Motor Vehicle Information and Cost Savings Act (49 U.S.C. § 32701) ("MVICSA"). Under either claim, he says, he is entitled to the entire purchase price of the Vehicle ($17,500) as actual damages. Bart's does not respond to Mr. Richardson's UCC or MVICSA arguments, instead harkening back to our Order on Bart's original Motion to Compel which did not consider Mr. Richardson's theories under the UCC and MVICSA. [Dkt. No. 82 at 2.] Bart's simply repeats its argument that Mr. Richardson has not presented admissible evidence of his alleged $17,500 loss. [*Id.*]

We need not resolve this issue today. Mr. Richardson originally argued that his alleged actual damages were $17,500 and that amount when trebled ($52,500) exceeded the threshold for arbitration. Now that Mr. Richardson seeks to recover his pre-suit attorneys' fees as well in the amount of $17,210, his UCC or MVICSA claims are not relevant. As stated above, the parties' agreed upon minimum alleged damages

8

($11,901.83) when trebled and added to the amount of his attorneys' fees exceed the threshold for compelled arbitration.

**C.     Punitive Damages.**

Mr. Richardson also seeks punitive damages based on his fraud claim, among other theories, and asserts that punitive damages should be considered in calculating the amount in controversy. [*See* Dkt. No. 80 at 3 ("Plaintiff has pled entitlement to punitive damages under his fraud count.") (citing Dkt. No. 1 at 8); *see LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 552 (7th Cir. 2008) (including punitive damages in the amount-in-controversy calculation unless it is a legal certainty that the award would violate due process).] Bart's does not dispute that Mr. Richardson can properly seek punitive damages and is entitled to include those damages in an amount-in-controversy determination. [*See* Dkt. No. 70 at ¶ 9 (Bart's Second Motion to Compel Arbitration) ("Plaintiff would potentially be permitted, at most, three times the $11,901.83 actually paid, or $35,705.49 which is well below the $45,000 cap on arbitrable issues."); *see also* Dkt. No. 82 (Bart's Reply Brief in which Bart's does not object to Mr. Richardson's punitive damages arguments).] We therefore hold that trebled actual damages are properly included in calculating the amount in controversy.

**D.     Attorneys' Fees.**

Mr. Richardson's claim for attorneys' fees brings the amount-in-controversy above the $45,000 threshold. Three of the claims asserted by Mr. Richardson carry with them the possibility of recovering attorneys' fees. Mr. Richardson's claim pursuant to the Crime Victims Relief Act is based on Indiana Code § 34-24-3-1 prohibiting criminal deception.

Indiana's Crime Victim Relief Act allows a recovery for an amount not to exceed three times the actual damages, the costs of the action, and reasonable attorneys' fee, among other things. Ind. Code § 34-24-3-1. Similarly, the Magnuson-Moss Warranty Act, upon which Mr. Richardson bases his claim for breach of express and implied warranty of title, provides for recovery of attorneys' fees. *See* 15 U.S.C. § 2310(d)(2); *Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 845 (7th Cir. 2014).[3] The MVICS also provides for recovery of attorneys' fees. 49 U.S.C. § 32710(b).

Mr. Richardson argues that the attorneys' fees he incurred prior to filing the Complaint ($17,210) should be included in the amount in controversy. [Dkt. No. 80 at 7 (citing *ABM Sec. Serv., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011).][4] Bart's deflects this claim stating that "prevailing party" attorneys' fees "incurred after the filing of the suit" cannot be included in an amount in controversy calculation. (emphasis supplied.) [Dkt. No. 82 at 2 (citing *Addus Healthcare, Inc. v. Auto-Owners Ins. Co.*, No. 11 C 3788,

---

[3] Mr. Richardson submitted supplemental authority on June 3, 2015 in which the Federal Trade Commission ("FTC") issued a final action concluding that the Magnuson-Moss Warranty Act bars pre-dispute binding arbitration of claims brought thereunder. [Dkt. No. 85.] Bart's objects to Mr. Richardson's effort to submit supplemental authority, arguing that it is procedurally improper and that the FTC's interpretation of the Magnuson-Moss Warranty Act is not binding on this Court. [Dkt. No. 86.] We need not reach this issue because the amount in controversy exceeds $45,000 as explained herein and, as a result, Mr. Richardson's claims are not subject to arbitration based on the parties' agreement.

[4] After acknowledging that pre-filing attorneys' fees are included in an amount-in-controversy calculation, Mr. Richardson half-heartedly argues that he "believes it makes the most sense that the relevant time period [for including accrued attorneys' fees] is the date Bart's filed its second motion to compel arbitration." [Dkt. No. 80 at 7 ($58,477.50).] Mr. Richardson offers no reason for that view and we are aware of no justification to include attorneys' fees accrued through the date of Bart's second motion to compel arbitration in calculating the amount in controversy.

2011 WL 5142988, at *3 (N.D. Ill. Oct. 28, 2011)).] It is undisputed that Mr. Richardson incurred $17,210 in pre-filing attorneys' fees. As a result, we include this $17,210 in pre-filing attorneys' fees in calculating the amount in controversy.[5]

## Conclusion

Under the most reasonable view of the evidence and the potential damages that may become available to Mr. Richardson, the amount in controversy exceeds the $45,000 limit below which but not above which arbitration can be compelled pursuant to the parties' agreement. The lesser amount of Mr. Richardson's actual damages ($11,901.83) when trebled to take into account punitive damages ($35,705.49) and added to Mr. Richardson's pre-suit attorneys' fees ($17,210) amounts to a total of $52,915.49.

For the foregoing reasons, we DENY Bart's Car Store's Second Motion to Compel Arbitration and DENY Bart's Motion to Strike.

Date: __9/25/2015__   _Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[5] Mr. Richardson maintains that Bart's affirmative defense seeking prevailing party attorneys' fees and costs should be included in an amount-in-controversy calculation. [Dkt. No. 80 at 10-11, n.2.] Creative as his argument may be, Mr. Richardson has provided no legal authority to support this position. Moreover, Bart's attorneys' fees affirmative defense has been stricken at Mr. Richardson's request. [Dkt. No. 78 at 9.] In any event, we need not resolve Mr. Richardson's argument because the amount in controversy exceeds $45,000 without considering Bart's claim for attorneys' fees.

11

Distribution:

Joshua A. Atkinson
HUNT SUEDHOFF & KALAMAROS LLP (Fort Wayne)
jatkinson@hsk-law.com

James J. Shea
HUNT SUEDHOFF KALAMAROS
jshea@hsk-law.com

Linda A. Polley
HUNT SUEDHOFF KALAMAROS LLP
lpolley@hsk-law.com

Robert E. Duff
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com

Charles S. Leone
LEONE HALPIN LLP
cleone@leonehalpin.com

Ryan R. Frasher
RYAN FRASHER P.C.
rfrasher@frasherlaw.com

James P. Buchholz
TOURKOW, CRELL, ROSENBLATT & JOHNSTON
jbuchholz@tcrjlaw.com